**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JOHN DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21-cv-00606-SEP |
| ) | |
| UNKNOWN EDWARDS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff John Davis's Motion for Leave to Proceed Without Prepaying Fees or Costs. Doc. [2]. Having reviewed the Motion and the financial information submitted in support, the Court will grant the Motion and assess an initial partial filing fee of $1.00. Additionally, for the reasons set forth below, the Court will give Plaintiff the opportunity to file an amended complaint.

**28 U.S.C. § 1915(b)(1)**

A prisoner bringing a civil action *in forma pauperis* must pay the full amount of the filing fee. *See* 28 U.S.C. § 1915(b)(1). If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. 28 U.S.C. § 1915(b)(1)(A)-(B). After paying the initial partial filing fee, the prisoner must make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff attached an uncertified inmate account statement to the instant Motion. Doc. [2] at 3-24. The statement shows that his inmate account's "Main Balance" was most recently zero, with an outstanding debt of $26.42. *Id.* at 2. However, the statement also shows numerous credits to Plaintiff's account, in widely varying amounts. *Id.* at 2-24. The source of the credits is unclear. Based upon the Motion and the uncertified statement, the Court has determined to assess an initial partial filing fee of $1.00.

**Legal Standard on Initial Review**

The Court is required to review a complaint filed *in forma pauperis* and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While the facts need not be alleged in painstaking detail, they "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. That standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). While the Court must assume the veracity of well-pled facts, it need not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]" *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

The Court must liberally construe *pro se* complaints. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "If the essence of an allegation is discernible," the Court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)) (internal quotation marks omitted). However, even *pro se* complaints must allege facts which, if true, state a claim for relief. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (citing *Nickens v. White*, 536 F.2d 802, 803 (8th Cir. 1976)). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914 (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)), nor to interpret procedural rules to excuse the mistakes of unrepresented litigants. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**THE COMPLAINT**

Plaintiff, a pretrial detainee in the St. Charles County Jail, filed his Complaint against Assistant Director Unknown Edwards and "John Doe-1 Clergy" in their individual capacities, alleging violations of the First and Fourteenth Amendment under 42 U.S.C § 1983. Doc. [1] at 1-3. Specifically, he claims he was wrongfully denied a prayer rug and prayer beads in violation of his First and Fourteenth Amendment rights. *Id.* at 4. In support, he alleges the following:

On April 8, 2021, Plaintiff submitted a written request to Defendant Doe seeking a prayer rug. *Id.* ¶ 2. The following day, Doe replied: "You got a NIV Bible in November I do not see you have signed up for Ramadan. Prayer rugs [are] for the Muslim faith." *Id.* ¶ 3. On that same day, Plaintiff replied to Doe and admitted he had never identified his religion at the jail or signed up to participate in Ramadan. *Id.* ¶ 4. He also stated that, while he was "practicing Islam," he did not follow all the rules. *Id.* When Doe did not reply, *id.* ¶ 5, Plaintiff inquired on April 16, 2021, asking if clergy could answer Plaintiff's email. *Id.* ¶ 6. On April 19, 2021, Plaintiff received a response saying that his request was forwarded to Defendant Edwards. *Id.* ¶ 7. On April 21, 2021, Plaintiff wrote the Chapel about his desired prayer rug and that he received a response that he would not receive one due to his failure to sign up for Ramadan. *Id.* ¶ 8. He wrote again on April 28, 2021, and received no response. *Id.* ¶ 9. On May 9, 2021, Plaintiff wrote Mr. Daniel Keen about his prayer rug grievance, *id.* ¶ 10, and on May 12, 2021, he received a response inquiring if he had submitted a request to program specialist Porter. *Id.* ¶ 11. Plaintiff responded on May 13, 2021, indicating that he had not written to Porter, reiterating that Plaintiff was concerned about his prayer rug, and asserting that the failure to provide it was "interfering with [his] religion[.]" *Id.* ¶ 12. On May 18, 2021, Plaintiff wrote that clergy had still failed to answer his prior request and that he could not send any additional request until he received a reply. *Id.* ¶ 13. Plaintiff claims that other inmates at the St. Charles County jail who celebrate Ramadan have been provided prayer rugs, prayer beads, and a Qur'an, and that Catholic inmates have been provided rosaries. *Id.* ¶¶ 14, 15.

## DISCUSSION

**I.      The Free Exercise Clause**

The Free Exercise Clause of the First Amendment guarantees that "Congress shall make no law . . . prohibiting the free exercise [of religion][.]" U.S. CONST. amend. I. That guarantee has been made applicable to the states through the Fourteenth Amendment. *Cantwell v. State of Connecticut*, 310 U.S. 296, 303 (1940). While the incarcerated do not retain the full scope of free exercise protection, they nonetheless retain some residue of the right. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987) (citing *Cruz v. Beto*, 405 U.S. 319 (1972)); *see also Stanko v. Patton*, 228 F. App'x 623, 625 (8th Cir. 2007). Constitutional free exercise claims by prisoners are subject to a two-prong test. First, the prisoner must allege and prove that defendants' actions substantially burdened his sincerely held religious belief. *Gladson v. Iowa Dept. of Corr.*, 551 F.3d 825, 833 (8th Cir. 2009) (citing *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 813 (8th Cir. 2008)). If the first prong is met, the burden shifts to the Government to show

3

how, under the factors outlined in *Turner v. Safley*, 482 U.S. 78 (1987), the Government's actions are reasonably related to legitimate penological ends. *Id.* at 831.

A substantial burden on one's free exercise of religion is one that

> must significantly inhibit or constrain conduct or expression that manifests some central tenant of a person's individual religious beliefs; must meaningfully curtail a person's ability to express adherence to his or her faith, or must deny a person reasonable opportunities to engage in those activities that are fundamental to a person's religion.

*Patel*, 515 F.3d at 813 (quoting *Murphy*, 372 F.3d at 988) (quotation marks omitted and alterations in original).

## II. Religious Land Use and Incarcerated Persons Act (RLUIPA)[1]

"A prisoner's claim under RLUIPA is evaluated under a different standard than a First Amendment claim." *Gladson*, 511 F.3d at 832. "'By enacting RLUIPA, Congress established a statutory free exercise claim encompassing a higher standard of review than that which applies to constitutional free exercise claims.'" *Id.* (quoting *Murphy*, 372 F.3d at 987). RLUIPA provides, in part, that:

> (1) No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 2 of the Civil Rights of Institutionalized Persons Act (42 U.S.C. § 1997), even if the burden results from a rule of general applicability, unless the government demonstrate that imposition of the burden on that person—is in furtherance of a compelling governmental interest; and
>
> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a). "While the government must meet a higher burden than the rational relationship test applied in constitutional cases," courts should "afford 'a significant degree of deference to the expertise of prison officials in evaluating whether they met that burden.'" *Gladson*,

---

[1] While Plaintiff did not expressly plead a RLUIPA claim, his factual allegations, liberally construed, state a potential basis for relief under that statute. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848-49 (8th Cir. 2014) ("'Accordingly, a complaint should not be dismissed merely because plaintiff's allegations do not support the particular legal theory he advances, for the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory.'") (quoting *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974)).

4

551 F.3d at 832 (quoting *Murphy*, 372 F.3d at 987).  RLUIPA, like the Free Exercise Clause, requires that a prisoner allege and prove that the government's actions are a "substantial burden" to the prisoner's religious exercise.  "'When the significance of a religious belief is not at issue, the same definition of 'substantial burden' applies under the Free Exercise Clause . . . and RLUIPA.'"  *Id.* (quoting *Patel*, 515 F.3d at 813); *see also* 42 U.S.C. § 2000cc–5(7)(A).

### Application

As the foregoing makes clear, to successfully plead that one's religious exercise was substantially burdened under both the Free Exercise Clause and RLUIPA, a complaint must allege facts about the plaintiff's religious beliefs.  It is only against this backdrop that a Court may consider how a defendant's actions effect a substantial burden upon a plaintiff's religious exercise.

Here, Plaintiff offers very few descriptions about his religious beliefs, stating broadly that he is "practicing Islam," albeit imperfectly in his own opinion.  Doc. [1] at 4.  Of course, less-than-perfect adherence to a particular creed does not curtail anyone's right to free exercise of his religion.  *Thomas v. Rev. Bd. of Ind. Emp. Sec. Div.*, 450 U.S. 707, 715 (1981) ("Intrafaith differences . . . are not uncommon among followers of a particular creed, and the judicial process is singularly ill equipped to resolve such differences in relation to the Religion Clauses . . . . [T]he guarantee of free exercise is not limited to beliefs which are shared by all of the members of a religious sect.").  Still, to allege a substantial burden on his free exercise of religion, Plaintiff must provide some greater factual detail about what his religious beliefs are and how Defendants' actions burdened Plaintiff's ability to live out those beliefs.  Thus, the factual allegations in the current Complaint are insufficient to plead a claim for relief under the Free Exercise Clause and RLUIPA.  Out of an abundance of caution, the Court will give Plaintiff an opportunity to file an amended complaint to offer greater factual detail about his sincerely held religious beliefs and how those beliefs require him to live out his faith.

### Amending the Complaint

An amended complaint will replace the original.  *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect").  Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided.  *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

5

In the "Caption" section of the complaint form, Plaintiff should write the name of the person he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify the capacity in which he intends to sue the defendant. In the "Statement of Claim" section, Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, Plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each allegation should be simple, concise, and direct. *Id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If Plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If Plaintiff names more than one defendant, he should include only claims that arise out of the same transaction or occurrence, i.e., claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that Plaintiff allege facts explaining how each defendant was personally involved in or directly responsible for harming him. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian*, 760 F.3d at 848 (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim"). The "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). And Plaintiff must avoid filing separate documents containing changes he wishes to make to certain parts of the Complaint. Instead, he must file a single comprehensive pleading that sets forth his claims for relief. *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (finding it appropriate to deny leave to amend a complaint when a proposed amended complaint was not submitted with the motion).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion seeking leave to commence this action without prepaying fees or costs, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must pay an initial filing fee of $1.00. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison

6

registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall mail to Plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, Plaintiff must file an amended complaint in accordance with the instructions herein.

**Plaintiff's failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

Dated this 10th day of February 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE